IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Larry J. Coleman,

Plaintiff

v.

Ford Motor Company,

Defendant

Case No. 3:04CV7590

ORDER

This is a pro se suit by a former employee at the Ford Motor Company Maumee, Ohio, stamping plant ("plant") against Ford Motor Company, UAW Local 1892, the Ohio Bureau of Workers Compensation (OBWC), and an individual defendant, Geuth Ford, plant manager at the Maumee plant.

Plaintiff appears to allege the following claims: 1) violations of 42 U.S.C. § 1981; 2) retaliatory discharge in violation of Ohio's workers' compensation laws; 3) sex, age, and disability discrimination violations of federal law; and 4) breach of an agreement to pay disability benefits. On October 6, 2004, Plaintiff filed an Amended Complaint asserting the foregoing causes of action also against Mr. Ford, without alleging any particular facts with respect to Mr. Ford.

Pending are motions to dismiss or for summary judgment by Ford Motor Company and Mr. Ford, Local 1892, and OBWC. For the reasons that follow, the motions shall be granted.

## Background

Plaintiff began working full-time for Ford on November 16, 1992, at the plant as an hourly employee represented by Local 1892.

The collective bargaining agreement between the company and union provided for termination of an employee's employment when his time off due to a non-occupational injury exceeded the period of time for which he had been employed.

Plaintiff had suffered a work-related back injury, for which he received workers compensation benefits from June 10, 1994, until September 2, 1997. In addition, beginning on June 24, 1994, plaintiff received disability payments under the company's Accident and Sickness Benefit Plan, which was established under the collective bargaining agreement.

Plaintiff returned to work on September 3, 1997, with permanent restrictions as to the type of work he could perform at the plant.

Sometime prior to November 24, 1997, plaintiff suffered a non-occupational personal injury, was placed under permanent medical restrictions, and could no longer work as of that date. Accordingly, the company placed plaintiff on a personal Medical Leave of Absence with No Work Available.

By February 24, 1998, Plaintiff had been absent from work for ninety days due to this personal medical leave. Pursuant to the collective bargaining agreement, the company removed Plaintiff from the active employment rolls, and Plaintiff was so notified.

For about six years, Plaintiff remained an "Off Rolls/Medical Leave of Absence with No Work Available" employee of Ford. On December 23, 2003, plaintiff's seniority became exhausted and his employment terminated in accordance with the collective bargaining agreement.

Plaintiff did not file a grievance under the Agreement to challenge his termination. Instead, he filed a disability discrimination charge with the Equal Employment Opportunity Commission (EEOC). On June 30, 2004, the EEOC issued a right to sue notice as to that claim.

**Discussion**

**1. Race and Age Claim Against the Ford Defendants**

Because plaintiff's EEOC charge referenced only a claim of alleged disability discrimination, he failed to exhaust his administrative remedies with regard to his claims of race and age discrimination against the company. Exhaustion of claims is a mandatory prerequisite to suit in this court under Title VII. 29 U.S.C. § 626(d); *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 545-46 (6th Cir. 1991). The administrative charge and claims in a lawsuit must be the same. *Ang*, 932 F.2d at 545.

**2. Plaintiff's § 1981 Claim of Race Discrimination Against the Ford Defendants**

Plaintiff's complaint contains no factual basis supporting a claim of racial discrimination against the company under 42 U.S.C. § 1981, which prohibits racial discrimination in the making and enforcement of contracts.

While plaintiff appears to refer to his disability benefits claim as the contract on which he bases his claim, his complaint fails to state that he was discriminated against in any way on the basis of his race.

In any event, any dispute about disability benefits arises under the collective bargaining agreement, as the disability plan is established and covered by that agreement. Thus, any claim relating to such benefits is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See, e.g., United Steelworkers of Amer. v. Rawson*, 495 U.S. 362, 368 (1990); *Avco Corp. v. Machinists*, 376 F.2d

337, 340 (6th Cir. 1967), *aff'd*, 390 U.S. 557 (1968); *Alford v. Gen. Motors Corp*., 926 F.2d 528, 530-31 (6th Cir. 1991).

Were plaintiff to seek to file a § 301 claim, it would be barred by the statute of limitations. *See, e.g., Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169, 172 (1983); *Martin v. Lake County Sewer Co.*, 269 F.3d 673, 679 (6th Cir. 2001) (untimely filing requires dismissal).

**3. Plaintiff's State-Law Claim Against the Ford Defendants for Workers Compensation Discrimination**

Plaintiff's complaint states he was terminated while he was "still receiving disability income payments from Defendant Ford." Pursuant to O.R.C. § 4123.90, an employer may not discharge an employee on the basis that he is receiving workers compensation benefits.

As of the date of this suit, plaintiff no longer was receiving such benefits: he received his benefit check in September, 1997, more than six years before being terminated. There is no set of facts in this case on which plaintiff could prevail in his § 4123.90 claim.

In any event, this claim is barred due to plaintiff's failure to provide the prerequisite statutory notice of claim provisions of O.R.C. § 4123.90 (requiring written notice of an alleged violation within ninety days of discharge).

Plaintiff's complaint in this court, moreover, was filed more than 180 days after his discharge; thus, he failed to comply with the statute of limitations.

**4. Plaintiff's Claim of Disability Discrimination Against the Ford Defendants**

Any claim of disability discrimination that plaintiff's complaint might be read as asserting is barred due to plaintiff's failure to specify the allegedly disabling impairment. *See EEOC v. Routh*, 246 F.3d 850,

854 (6th Cir. 2001) ("so long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading"); *Pierce v. UPS*, 2002 WL 992624, *6 (N.D. Ill. May 15, 2002) (dismissing pro se complaint for failure to specify the particular disability involved).

Plaintiff's complaint fails to specify the particular impairment; indeed, he fails to identify any impairment. Reference to the plaintiff's EEOC complaint does not cure this defect: no reference to a specific impairment appears in that filing

As to the individual defendant Geuth Ford, any disability discrimination claim must be dismissed, because the Americans With Disabilities Act (ADA) does not impose liability on individual employees. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 403-06 (6th Cir. 1997).

**5. Plaintiff's Fair Representation Claim Against Local 1892**

After being placed on medical leave on the basis of there being no work he could do, plaintiff spoke with his Local 1892 committeeman, Henry Wayne Green. The undisputed evidence shows that Mr. Green told the plaintiff that because of earlier grievances and the medical restrictions placed on him by his own doctor and by the independent medical examiner, no grievance could be written because there was no work in the plant for him to do.

A union may refuse to process a grievance based on a good faith evaluation of its merits. *See, e.g., Vacca v. Sipes*, 386 U.S. 171 (1967). A union does not act arbitrarily when it refuses to process a bad case. *Wozniak v. UAW*, 842 F.2d 633 (2nd Cir. 1988). This is so even if the union mistakenly evaluated the probability of success. *Pool v. Budd Co.*, 706 F.2d 181 (6th Cir. 1983).

Plaintiff has not met his responsibility of providing evidence that he could perform a job at the plant. His unsupported assertions that he could do the work are insufficient. *See White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995) (conclusory allegations about one's ability to perform work, standing alone, will not defeat a properly supported motion for summary judgment).

The undisputed evidence of record shows that plaintiff was absent from work because he was unable to perform any job; in time, the neutral seniority provisions of the collective bargaining agreement compelled his termination. Failure of the union to pursue a grievance under the facts of record do not give rise to an actionable § 301 claim.[1]

**6. Plaintiff's Claims Against OBWC**

Plaintiff's Amended Complaint named the OBWC as a defendant, but the complaint does not make any allegations against the OBWC. Nowhere in the Amended Complaint does plaintiff allege that the OBWC has denied him equal employment opportunities, or state how the OBWC violated § 1981 or Title VII, or how it violated the rights of plaintiff in any way. The complaint, accordingly, fails to state a cause of action against the OBWC.

In any event, suit can not be maintained via 42 U.S.C. § 1983 because the plaintiff has named a state agency as a defendant, and state agencies, pursuant to the Eleventh Amendment, are immune from suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

**Conclusion**

---

1

In addition, to the extent that plaintiff claims the union discriminated against him on the basis of his alleged (but unspecified, *see discussion*, *supra*) disability, he cannot prevail against the union because operation of a seniority system does not support a claim for breach of the ADA. *See, e.g., US Airways v. Barnett*, 535 U.S. 391 (2002).

For the foregoing reasons, it is

ORDERED THAT defendants' motions to dismiss or for summary judgment be, and the same hereby are granted.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge